JOSEPH JOUETT'S ADMR. ET AL *v.* LEWIS FALCONER'S ADMR.

Wills—Construction—Intention of Testator—Discription of Devisees.
    "At the death of my wife the property and money remaining of all kinds I will to the following named persons: viz, the children of my brother and sisters Joseph Falconer, Frances Wilson, Martha Stephens, Ann Juett; my nephew Joseph Falconer." "It is my will and I wish it distinctly understood that no person, or persons shall inherit any part of my estate except those named herein." Held: That the issue of such brothers and sisters as were dead at the date of the will do not answer the description and were consequently excluded.

APPEAL FROM FAYETTE CIRCUIT COURT.

February 18, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

In April, 1854, Lewis Falconer of the city of Lexington pub-

lished his last will and testament, in the first clause of which he devised to his wife his house and lot in the city of Lexington, all his slaves, and also his personal property during her life, directing that all his money which might be on hand at his death, and all that might then be owing *him* was to be put out at interest by his executors, and the profits paid over to his wife.

The second clause is in the following language:

"At the death of my wife, the property and money remaining of all kinds I will to the following named persons, viz': The children of my brother and sisters, Joseph Falconer, Frances Wilson, Martha Stephens, Ann Duett; my nephew Joseph Falconer, it is my will, and my wife shall act as my executor and pay to Harriett Stone, wife of David Stone, the sum of two hundred dollars at the death of my wife."

The fifth clause is in these words: "It is my will, and I wish it distinctly understood, that no person, or persons, shall inherit any part of my estate except those named herein."

The other clauses of the will have no bearing on the questions arising on this appeal, and will not, therefore, be referred to.

The testator died, and his will was probated in 1856. In 1866 his widow died, and in the last named year Dowdan, the administrator, with the will annexed, brought this action in equity against a great number of persons, legatees, and claiming to be legatees under said will, asking the aid of the chancellor to direct him in the execution of the trust, to order the proper distribution of the estate, and to protect him in making the same.

On final hearing the court below adjudged that the estate of the testator (which seems to have been converted into cash) should be divided into 23 shares, and adjudged a share to the persons therein severally named, and decided that such of the descendants of the brother and sisters of the testator as had died before the date of the will, could not take.

Appellants are the descendants of children of Mrs. Ann Jouett, a sister of testator, who had died before the date of the will, and by said judgment excluded from any share in the estate, have appealed to this court.

For appellants it is urged that under section 1, of article 2, chapter 46, 2 Revised Statutes, page 1-2, and section 18, chapter 105 Ib., 461, as construed by a majority of this court in *E. C. Dunlap vs. Shreve's Exors., 2 Duvall, 334, they are entitled to such*

*portions* of testator's estate, as their parents would have taken if they had been living at the death of testator or at the date of his will, while on the other hand it is urged that the construction given to said sections in *Sheets and wife vs. Grubbs' Exors., 4 Met.*, is the true and proper interpretation of said sections, and should be adhered to, and under the ruling in that case the judgment complained of is right.

Whether or not there is a conflict in the opinions referred to, and if there is, which should prevail are questions not presented in this case according to our interpretation of this will, and therefore not necessary now to decide. The language of the testator, at the death of my wife, the money, and property of all kinds "I will to the following named persons, viz: The children of my brother and sisters." If he had then gone on to designate each beneficiary by name there could have been no uncertainty, or ambiguity as to whom he intended to give his estate; but instead of that mode he adopts another, which though more circuitous may as certainly designate them. And then to be more explicit, and the more certainty to exclude all others from a participation in his bounty, he added the fifth clause, in which he declares it to be his will, and he wishes it distinctly understood, that no person, or persons, shall inherit any part of his estate except those therein named. As if he had said, at the death of my wife, I give all my estate to the *children* of my brother and sisters and no other person, or persons, shall have any part thereof.

That description it seems to us would as certainly identify the persons who were to take the estate of the testator as if he had designated them by their names and excluded all others by express words.

Under this construction of the will which seems to be manifestly correct, the issue of such brothers and sisters as were dead at the date of the will do not answer the description and were consequently excluded.

We, therefore, concur in opinion with the circuit judge, and his judgment must be *affirmed*.

*Trimble, for appellant.*

*Hunt, for appellee.*